UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RENTZ, II, | CASE NO. 11-CV-1623 - IEG (NLS) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| T. BOREM, R&R Sergeant, | [Doc. No. 16] |
| Defendant. | |

Presently before the Court is Defendant T. Borem ("Defendant")'s motion to dismiss Plaintiff David Rentz, II ("Plaintiff")'s first amended complaint ("FAC"). [Doc. No. 16.] For the reasons below, the Court **GRANTS** Defendant's motion to dismiss.

**BACKGROUND**

Plaintiff is a state prisoner proceedings *pro se* and currently incarcerated at Calipatria State Prison. The following allegations are taken from the FAC. On August 20, 2012, during Receiving and Release distribution of Plaintiff's property, Plaintiff presented Defendant with a 602 prisoner grievance form requesting that his property be given to him or sent home. [Doc. No. 8, FAC ¶ 8.] Plaintiff alleges that Defendant then destroyed Plaintiff's prayer oils in violation of 15 C.C.R. § 3084.5. [Id. ¶ 11.]

On July 19, 2011, Plaintiff filed the present action against Defendant alleging two causes of action for (1) violation of his First Amendment freedom of religion rights and (2) violation of his

1  Fourteenth Amendment due process rights. [Doc. No. 1, Compl. at 3-4.] Along with his complaint,
2  Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.] On August 8,
3  2011, the Court granted Plaintiff leave to proceed IFP, *sua sponte* dismissed without prejudice
4  Plaintiff's Fourteenth Amendment claim for failure to state a claim, and directed the U.S. Marshal to
5  effect service of Plaintiff's complaint on the remaining First Amendment claim. [Doc. No. 4.]

6  On September 6, 2011, Plaintiff filed a first amended complaint containing only one claim for
7  violation of his Fourteenth Amendment equal protection and due process rights. [FAC.] By the
8  present motion, Defendant moves to dismiss this claim. [Doc. No. 16.]

## DISCUSSION

### I.  Legal Standards for a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. Iqbal, 129 S. Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants

have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

## II.   Plaintiff's Fourteenth Amendment Claim

Plaintiff alleges that the destruction of his prayer oils by Defendant violated his Fourteenth Amendment rights to due process and equal protection. [FAC ¶ 14-16.] Defendant argues that Plaintiff cannot plead a cause of action for violation of his due process rights because the state of California provides an adequate post-deprivation remedy. [Doc. No. 16-1 at 4.] Defendant also argues that Plaintiff has failed to adequately state a due process claim and an equal protection claim. [Id. at 4-7.]

An unauthorized intentional deprivation of a prisoner's property fails to state a due process claim under section 1983 if the state has provided an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The Ninth Circuit has held that "California Law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing CAL. GOV'T CODE §§ 810-95). Therefore, Plaintiff's claim that Defendant destroyed his prayer oils is insufficient to state a due process claim under section 1983. See id.

Plaintiff also appears to allege that Defendant violated his due process rights by destroying his prayer oils prior to the completion of his grievance appeals in violation of 15 C.C.R. § 3084.5. [FAC ¶ 11.] However, prisoners do not have a constitutional right to a specific grievance process and the existence of one does not create any substantive rights upon which a plaintiff may base a federal claim arising out of deficiencies in the process and/or the failure to render a decision in his favor. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Therefore, these allegations are insufficient to state a claim for violation of Plaintiff's due process rights. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claim for violation of his Fourteenth Amendment due process rights.

1    Plaintiff also alleges that Defendant violated his equal protection rights. "To state a claim
2 under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment
3 a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the
4 plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194
5 (9th Cir. 1998). Plaintiff's FAC contain no factual allegations showing that Defendant acted with any
6 intent or purpose to discriminate against him based on membership in a protected class. In his
7 response to Defendant's motion, Plaintiff attempts to argue that Defendant discriminated against him
8 because he is a prisoner. [Doc. No. 20 at 6.] First, the Court may only consider allegations contained
9 in Plaintiff's FAC, and Plaintiff may not attempt to include additional allegations in his response in
10 opposition to Defendant's motion to dismiss. See Tietsworth v. Sears, Roebuck & Co., 720 F. Supp.
11 2d 1123, 1145 (N.D. Cal. 2010) ("'It is axiomatic that the complaint may not be amended by briefs
12 in opposition to a motion to dismiss.'"); see also In re Ferrero Litig., 794 F. Supp. 2d 1107, 1112 (S.D.
13 Cal. 2011). Second, prisoners are not a protected class under the Equal Protection clause of the
14 Fourteenth Amendment. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440-42 (1985)
15 (listing the constitutionally recognized protected classes). Accordingly, the Court **DISMISSES**
16 **WITHOUT PREJUDICE** Plaintiff's claim for violation of his Fourteenth Amendment equal
17 protection rights.

18 **III.    Plaintiff's First Amendment Claim**

19    In the FAC, Plaintiff states that he incorporates by reference all allegations, including Count
20 One, that were included in his original complaint. [FAC ¶ 4.] Therefore, it appears that Plaintiff
21 intended to replead his claim for violation of his First Amendment freedom of religion rights in the
22 FAC. However, Plaintiff may not plead a cause of action in this manner. "All causes of action alleged
23 in an original complaint which are not alleged in an amended complaint are waived." King v. Attiyeh,
24 814 F.2d 565, 567 (9th Cir. 1996). Therefore, an amended complaint must be complete in itself
25 without reference to a prior or superceding pleading. See Civil Local Rule 15.1. Accordingly,
26 Plaintiff's FAC does not contain a claim for violation of Plaintiff's First Amendment rights. However,
27 because it appears that Plaintiff clearly intended to include this claim and the Court must construe *pro*
28 *se* pleadings liberally, the Court gives Plaintiff leave to amend his complaint and replead his First

1 | Amendment cause of action in a Second Amended Complaint

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's FAC. Specifically, the Court:

1. **DISMISSES WITH PREJUDICE** Plaintiff's claim for violation of his Fourteenth Amendment due process rights; and

2. **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for violation of his Fourteenth Amendment equal protection rights.

Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a Second Amended Complaint addressing the deficiencies of the pleading set forth above. Plaintiff is cautioned his Second Amended Complaint must be complete in itself, without relying on references to the original Complaint or First Amended Complaint, and the Second Amended Complaint should not contain claims that have been dismissed with prejudice. Plaintiff is further cautioned any defendant not named or claim not re-alleged will be considered waived. See King, 814 F.2d at 567.

**IT IS SO ORDERED.**

DATED: May 8, 2012

*Irma E. Gonzalez*
IRMA E. GONZALEZ
United States District Judge